## VAREY v. GAUNT.

District Court, S. D. New York.

April 17, 1939.

Thomas J. Kiernan, of New York City, for plaintiff.

Henry M. Powell, of New York City, for defendant.

HULBERT, District Judge.

On April 6, 1939, the defendant moved for a verified bill of particulars of the plaintiff's amended complaint. Before the return day of the motion, the plaintiff applied for an order to examine the defendant pursuant to Rule 26 et seq., Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Each party is willing that the motion made by the other be granted in toto.

The only question for the consideration of the Court is whether the examination of the defendant should be had before the plaintiff is required to serve her bill of particulars. The defendant urges that the bill of particulars should first be served because of the priority of his motion. The plaintiff contends that from the very nature of the action she could not furnish a bill of particulars until after the defendant has been examined.

Plaintiff sues as a third party beneficiary under an alleged contract between her deceased husband, William Varey, and the defendant, to recover the sum of $13,-634. The complaint alleges that for a long time prior to 1919 Varey and the defendant were mutually interested in a paper bag business, "conducted in such wise that the defendant had complete control thereof. He managed the business, invested the moneys, controlled the policies, accumulated the profits, some of which were subsequently reinvested. All of this the defendant did in part for the benefit of the said William Varey, who had invested time, energy and money in the business with the express understanding and agreement that a share of the profits would some day be his. The defendant accumulated profits and disposed of assets and did not account therefor."

The complaint further alleges partial liquidation by the defendant in 1919 and a demand by Varey for his share thereof; that prior to the 6th day of October, 1919, the defendant promised and agreed to pay Varey semi-annual instalments in the sum of $1,000 on January 1st and July 1st of each year until the death of Varey; and then to semi-annual instalments in the sum of $1,000 on January 1st and July 1st of each year to the plaintiff until her death, and in the event that the plaintiff should have predeceased Varey, then the defendant agreed to make such payments to the daughter of the Vareys' until she should attain the age of 21 years.

The complaint then sets forth that the defendant further agreed that he would execute a last Will and Testament providing therein for such payments out of his estate and agreed that he would not revoke this provision in his Will; and that such a Will was made and executed by him and thereafter he made semi-annual payments of $1,000 on or about the first days of January and July of each year until 1932. Varey died on or about March 10th in that year and the plaintiff sues to recover a balance of $634 due July 1, 1932, and $1,-000 semi-annually thereafter to and including January 1, 1939.

According to an affidavit, submitted by the plaintiff on the motion, the relationship between her husband and the defendant commenced prior to the year 1907. In

March of that year they adopted a corporate structure and until 1918 did business under the name of Gant Bag Company, a New York corporation, whose books and records, together with the defendant's account books showing the amounts of money invested by plaintiff's husband, and the payments made by the defendant, are in his possession.

The plaintiff will first furnish within 10 days after the service of an order to be entered upon her motion, with notice of entry thereof, a bill of particulars verified by her setting forth the items requested in paragraphs 1, 2 and 8 of the defendant's notice of motion and to the extent that she is without knowledge thereof she shall so state. As to all of the remaining items the plaintiff may have until 10 days after the completion of an examination of the defendant within which to serve an additional verified bill of particulars. Upon the plaintiff's motion an order will be entered fixing a time and place for the examination of the defendant within 5 days after the service by the plaintiff of the preliminary bill of particulars. Settle orders on notice.